# CASES

ARGUED AND DETERMINED

IN

# THE SUPREME COURT

OF THE

## STATE OF KANSAS,

DURING THE TERM COMMENCING JANUARY, 1865.

---

THE STATE *ex rel.* NATHANIEL PRICE v. W. W. H. LAW-
RENCE, SECRETARY OF STATE, *Respondent.*

### *Application for a Writ of Mandamus.*

The Supreme Court has jurisdiction to entertain an application for a writ of
mandamus to compel the Secretary of State to issue a certificate of the
election of relator to the State Senate; the canvass of the votes made by
the Board of State Canvassers being in his favor.

*Held* that a writ of mandamus is the only specific remedy in such a case.

The Supreme Court in such case cannot go behind the determination of the
Board of Canvassers made under sec. 36 of the act regulating elections.

*Semble,* that the duty of the Secretary of State as such, and *ex-officio* as Sec-
retary of the Board of Canvassers, are specific and ministerial, and based
on the previous action of the Board; *Held* that he is in nowise responsible
for, but must be governed by the action of the Board.

By section 38 of that act, it became the duty of the Secretary of State to,
and he now has the power to issue to the relator the proper certificate of
his election.

By section 33 of that act a less number than *three* of the Board of State Can-
vassers cannot act, and the action of two (were evidence of such action
before the court), *semble,* was unauthorized and does not prevent the
issuance now of the proper certificate to the relator.

Peremptory writ awarded.

The following, taken from the opinion of the court, is a
full statement of the facts of the case:

On the 9th day of January, A. D. 1865, this court granted an alternative writ of mandamus against the respondent herein, upon the application of the relator, Nathaniel Price.   The alleged facts of the case, and upon which the relator depended for the relief demanded, appear in the writ, which is as follows:

THE STATE OF KANSAS, *ex rel.*
    NATHANIEL PRICE,
        *v.*
THE SECRETARY OF STATE FOR
  THE STATE OF KANSAS,

*In Supreme Court within and for the State of Kansas.*

To the Secretary of State within and for the State of
  Kansas:

*Whereas,* Nathaniel Price has represented to us, that on the 8th day of November 1864, he was elected a senator in the legislature of this state for the county of Doniphan in said state, by receiving a greater number of legal votes than were given for any other person for that office, and that the county commissioners of said county and the clerk of said county having canvassed said votes given in said county at said election for said office according to law, and made abstracts of the same and transmitted them to the office of the said Secretary of State as required by law, that the State Board of Canvassers met at the office of said Secretary of State on the 19th day of December 1864, to canvass the result of said election, and having made some progress therein adjourned to the 5th day of January 1865, when they again met at said office, and from the certified abstracts of votes on file in said office, proceeded to canvass the votes given for senator in said county at said election, and thereupon found, determined, and declared that he, the said Nathaniel Price, had been by the greatest number of votes duly elected senator for said county in said legislature, and made a certificate of their said determination, signed the same and delivered it to said Secretary of State.   And, *whereas,* said Nathaniel Price has further represented to us, that by reason of the premises

The State, ex rel. Price, v. Lawrence.

he is entitled to receive, and that it is the duty of said Secretary of State to give to him a certificate under his seal of office, of his election as senator as aforesaid; that he has demanded of said Secretary of State to give him a certificate of his election as senator as aforesaid, and that said Secretary of State refused and still refuses to give the same; that the refusal of said Secretary of State to give him such certificate is a great wrong and injury to him, and that he is without any adequate remedy in the premises in the ordinary course of law, for compelling said Secretary of State to discharge his duty by giving him a certificate as aforesaid.

You are therefore hereby commanded forthwith to make and deliver to said Nathaniel Price a certificate under your seal of office, of his election as senator from the county of Doniphan, in said legislature, or that you show cause to this court on the 10th day of January 1865, at 10 o'clock, A. M., why you do not make the same, and have you then and there this writ with your return thereon of having done as you are commanded.

In testimony whereof I have hereunto set my hand and the seal of said Supreme Court, at my office in the city of Topeka, this 9th day of January, A. D. 1865.

[SEAL.]                    ANDREW STARK, CLERK.

To this the respondent answered:

*First.*  Denying the jurisdiction of the court.

*Second.*  That the relator has an adequate remedy in the ordinary course of law.

*Third.*  A substantial denial of the allegations of the writ, coupled with a statement that he, the said respondent and William Spriggs, did (on the Monday preceding the 22d day of December after said election,) proceed to examine and make statement of the whole number of votes given at said election for state senators in said senatorial district, and did canvass the same according to law; that they did determine therefrom that F. H. Drenning and J.

T. Lane, were, by the greatest number of votes given, duly elected to the office of state senators in and for the said first senatorial district; that thereupon the respondent did issue to the said F. H. Drenning and J. T. Lane, certificates of their election to the office of state senators for the said first senatorial district, in the county of Doniphan, aforesaid.

Which several defenses are signed by the respondent, W. W. H. Lawrence, and sworn to by him. Upon the issues thus made between the parties, the relator in his own behalf and to sustain the same on his part, offered in evidence a statement of the result of the general election held in the state of Kansas, Nov. 8th, 1864, for senators and representatives, signed by a majority of the State Board of Canvassers, and declared by them to be correct. This statement shows that the relator received the greatest number of votes for the office of senator from said 1st district.

In behalf of the respondent it is admitted that a sufficient number of votes were cast at said election by soldiers in the service of the United States to have changed the result of said canvass, as appears by the statement of the majority of the Board, so as to have secured the election of the said J. T. Lane as senator, as aforesaid, instead of the relator, had said votes been counted by the said Board.

*H. Griswold*, for relator.

Authorities relied upon by the relator:

1.  That the action lies in behalf of a person claiming an office. 12 *Barb.*, 213; 2 *Carter*, (*Ind.*) 423; 29 *Ills.*, 413; 2 *Gray*, 270; 20 *U. S. Dig.*, p. 656, *sec.* 20-30; 20 *Pick Rep.*, 484.

2.  That it lies, though the relator has another remedy. 17 *U. S. Dig.*, p. 402, *sec.* 13; 19 *Id.*, p. 472, *sec.* 7; 2 *Barb.*, 418; 12 *Id.*, 213; 12 *Wend.*, 395; 23 *Id.*, 461.

*W. W. Guthrie*, Attorney General, for respondents.

The State, ex rel. Price, v. Lawrence.

*By the Court,* SAFFORD, J.

As to the objection to the jurisdiction of this court, we are clearly of the opinion that it is not well taken.

We also think that a writ of mandamus is a proper, and the only *specific* remedy to be resorted to in cases of this kind.

Both of these positions are fully sustained in the cases cited by relator, of which it will be sufficient to refer to the authority in 29th Ills., 413.

The further examination of this case involves a consideration of the provisions of sections 36 and 38 of the statute regulating elections.

It will be seen that the State Board of Canvassers are required to perform certain duties which are concluded by delivering to the Secretary of State certified statements of the results of their canvass. Upon so doing nothing further is required of them.

Section 36 reads as follows: " For the purpose of canvassing the result of elections, the State Board of Canvassers shall meet at the office of the Secretary of State on Monday preceding the 22d day of December next after the election, when they shall, upon a certified abstract of votes in the different districts on file in the office of the Secretary of State, proceed to examine and make statement of the whole number of votes given at any such election for state officers, the justices of the Supreme, and judges of the District Courts, the members of the Senate and House of Representatives and Representative in Congress, or for so many of said officers as may have been voted for at such election, which statement shall show the names of the persons to whom such votes shall have been given for either of the said offices, and the whole number given to each, distinguishing the several districts and counties in which they were given ; they shall certify such statement to be correct and subscribe their names thereto, and they shall thereupon determine what persons have

been, by the greatest number of votes, duly elected to such offices, or either of them, and shall endorse and subscribe on such statement a certificate of such determination, and determine and deliver them to the Secretary of State."

The proceedings and determination of the late State Board of Canvassers, bearing upon this case, duly authenticated, (and it may be remarked, the only determination that appears,) are here before us, and in evidence.   Ought, or can we, go behind them in this proceeding?   We think not.   The action of the State Board of Canvassers, whatever it may have been, is outside of this case only so far as it appears in their statement and determination before us.

Were this proceeding against them the case would be different, but it is against the Secretary of State, not as a member of the Board of Canvassers, but as Secretary of State, and as ex-officio clerk of the Board; and as such clerk, charged, under the law, with the performance of a specific duty or act, purely ministerial in its nature, and based upon the previous action of the board.   Acting in this capacity, he is in no wise responsible for the action of the Board—be it right or wrong—but he must be governed by such action.

Section 38 is as follows:

" The Secretary of State shall record in his office in a book to be kept by him for that purpose, each certified statement and determination as made by the Board of State Canvassers, and shall, without delay, make out and transmit to each of the persons thereby declared to be elected, a certificate of his election, certified by him, under his seal of office, and he shall also, forthwith cause a copy of such certified statement and determination to be published in a newspaper published at the seat of government."

These provisions show conclusively the correctness of the position we have taken.

The relator had been, by the State Board of Canvassers

declared elected to the office of state senator from the first senatorial district, as appears from their official statement and determination, delivered to the Secretary of State. It thereupon becomes his duty to issue to the relator the proper certificate of his election. This he should have done and it yet remains in his power to do so.

As to the statement by the respondent, "that he together with William Spriggs, did proceed to examine and make statement of the whole number of votes given at said election for state senators in said senatorial district, and did canvass the same according to law; that they did determine therefrom that F. H. Drenning and J. T. Lane were, by the greatest number of votes given, duly elected to the office of state senators, in and for the said first senatorial district, that thereupon the said respondent did issue to the said F. H. Drenning and J. T. Lane certificates of their election to the office of state senator for the senatorial district in the county of Doniphan," we have but a single remark to make. There is no such statement and determination before us. But if there were, we are unable to find any authority in any provision of the election law, which would admit of such a proceeding on their part.

The State Board of Canvassers consists of five members, of whom a less number than three are not authorized to act. Sec. 33.

The issuance then of the certificate of election to J. T. Lane, by the Secretary of State, upon the statement and determination of the canvass made by himself and William Spriggs, was unauthorized, and it does not operate to prevent the issuance now of a certificate of election to the relator. 2d *Carter*, 428.

The question presented by counsel for the relator, and involving the constitutionality of the law passed by the Legislature of 1864, and approved March 1st, having reference to the subject of persons voting who are in the mili-

tary service of the United States, we do not feel called upon to consider, the case being disposed of before reaching that point.

Entertaining the views thus expressed, a peremptory writ of mandamus will be awarded to the Secretary of State of the state of Kansas, commanding him to issue a certificate of election to the relator as state senator from the first senatorial district, county of Doniphan.

CROZIER, C. J. and BAILEY, J., concurring.